IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| TRACY CARR, | ) | |
| | ) | |
| **Plaintiff** | ) | CIVIL ACTION NO. |
| | ) | |
| v | ) | |
| | ) | JURY TRIAL DEMANDED |
| THRIVE SENIOR LIVING, LLC | ) | |
| | ) | |
| **Defendant** | ) | |
| _____ | ) | |

## **COMPLAINT**

Plaintiff brings the following action for violation of the Fair Labor Standards Act and respectfully shows:

### JURISDICTION AND VENUE

1.

This action arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. ("FLSA"). Therefore, the Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C. § 1331. The Court also has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiff's state law claims.

2.

Venue is proper because the events or omissions giving rise to the claims

occurred in the Middle District of Georgia, Columbus Division.

PARTIES

3.

Defendant Thrive Senior Living, LLC ("TSL" or simply "Defendant") is a body corporate citizen of the State of Georgia with its principal place of business in Georgia and its registered address is 3280 Peachtree Road NE, Suite 750, Atlanta, GA 30305 where it may be served through its registered agent Sebby Kannukkaden. TSL operates a facility in Columbus, Middle District, Georgia.

4.

At all times material hereto, TSL has been an "employer" of Plaintiff as defined in FLSA § 3(d), 29 U.S.C. §203(d).

5.

At all times material hereto, TSL was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

6.

During 2021, TSL had two or more "employees engaged in commerce as defined by 29 U.S.C. § 203(s)(1)(A).

7.

At all times material hereto, TSL was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

8.

At all times material hereto, Plaintiff has been "engaged in commerce" as an employee of TSL as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

9.

At all times relevant to this suit, Plaintiff was an "employee" of TSL as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

FACTUAL ALLEGATIONS FOR ALL CLAIMS

10.

Plaintiff was hired by Defendant on December 12, 2018, as operations manager.

11.

Among the responsibilities of Plaintiff was assembling and approving time and hours worked by members of the team at Defendant's facility in Columbus, GA.

12.

Time worked by individuals was recorded by means of a time clock and when time related to a particular pay cycle ended it would then be assembled and approved first by Plaintiff and then by Brian Barnes, Chief of the facility.

13.

There came a time that Defendant shifted the approval of employee time to a registered nurse named Allison Hartley.

14.

Hartley embarked on a practice of not approving payment to the team members supervised by Plaintiff for all hours worked.

15.

Hartley falsified time records of team members Claire Frazer, Maggie Thomas, Denasia Lewis, Carly Williams and Cindy McLeod.

16.

The team complained to Plaintiff about being improperly paid and non-payment for time worked.

17.

Plaintiff complained to Brian Barnes Defendant's Chief concerning the failure to pay for time worked.

18.

Plaintiff complained to the chief operating officer for the company, Nicole Mohllberg, concerning the failure to pay for time worked.

19.

Additionally, Plaintiff notified corporate human resources that employees were not being paid for time worked.

20.

Following a number of complaints about improper reporting from Plaintiff, Tate Stewart, who reported to the chief operating officer, visited the Columbus facility and told Plaintiff she was terminated for approving time not worked by Shawanna Robinson.

21.

Plaintiff had not approved time not worked by Ms. Robinson.

22.

Robinson operated a beauty shop on premises, her private contract, but from time to time was pressed into service by management as a W-2, non-exempt employee.

23.

The time alleged by Stewart to be improperly approved involved Robinson clocking in to labor in the interests of Defendant.

24.

The time approved for Robinson that day was also approved by Brian Barnes because Barnes knew it was properly compensable.

25.

Stewart knew the time was properly compensable, as well, because statements had been taken from Barnes, Robinson and Plaintiff.

26.

Stewart directly told Plaintiff that the approval of time worked by Robinson was the reason for her discharge.

27.

Plaintiff had never been written up and she had no disciplinary history in her employment with Defendant.

28.

Plaintiff's discharge was motivated by retaliatory animus arising out of her complaints of Defendant's failure to compensate its employees for time worked.

29.

Stewart at all times knew, or with the slightest diligence should have known, that the actions of Plaintiff in properly recording time of Robinson validated by her superior was protected conduct within the ambit of the FLSA.

30.

Defendant knew or should have known that the reporting by Plaintiff of Defendant's failing to approve time demonstrably worked by team members was protected conduct pursuant to the FLSA.

31.

The proffered reason for Plaintiff's discharge, that Plaintiff improperly approved work performed by Shawanna Robinson, had no factual basis.

32.

The proffered reason for Plaintiff's discharge, that Plaintiff improperly approved work performed by Shawanna Robinson, did not actually motivate Defendant's discharge of Plaintiff.

33.

The proffered reason for Plaintiff's discharge, that Plaintiff improperly approved work performed by Shawanna Robinson, was insufficient to motivate the action of discharging Plaintiff.

34.

The proffered reason for Plaintiff's discharge, that Plaintiff improperly approved work performed by Shawanna Robinson was entirely pretextual.

COUNT I
RETALIATION PURSUANT TO 29 U.S.C. § 215(a)(3)

35.

29 U.S.C. § 215(a)(3), states: "[I]t shall be unlawful for any person … to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under [the FLSA] or related to this chapter or has testified or is about to testify in any such proceeding …."

36.

In properly recording time worked by Shawanna Robinson, Plaintiff engaged in statutorily protected conduct.

37.

In complaining to management about the arbitrary reduction by Allison Hartley of time actually worked by her team Plaintiff engaged in statutorily protected conduct.

38.

Plaintiff has suffered an adverse employment event in that she was fired.

39.

The job termination was the direct and proximate result of Plaintiff's having engaged in the statutorily protected behavior set forth in Paragraphs 29 and 30, *supra*.

COUNT II
DAMAGES

40.

Plaintiff is entitled to lost pay in an amount to be shown at trial.

41.

Plaintiff is entitled to liquidated damages equivalent to her lost pay.

42.

Plaintiff is entitled to compensatory damages as actual damages in an amount sufficient, as determined by a trier of fact, to compensate her for anxiety, frustration, anger, fear of the unknown, demoralization, inconvenience, disappointment, worry, aggravation, grief, chagrin, mental anguish and other non-economic damages including emotional distress.

43.

Plaintiff is entitled to seek, most especially, punitive damages, for the deliberately intentional egregious, vexatious and burdensome misconduct of Defendant in an amount deemed sufficient to punish Defendant for its action and discourage acts of a similar nature affecting persons in its employ in the future.

9

44.

Plaintiff is entitled to a reasonable attorney's fee and expenses of litigation.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a.  That summons issue and Defendant be served as by law provided;

b.  That Plaintiff be awarded wages lost from date of termination until
    judgment in this case;

c.  That Plaintiff be awarded liquidated damages in the amount of lost
    wages;

d.  That Plaintiff be awarded compensatory damages for non-economic
    harm caused by Defendant;

e.  That Plaintiff be awarded punitive damages in the amount of
    $250,000;

f.  That Plaintiff have and recover reasonable attorney's fees for the
    prosecution of this action;

g.  That all costs of this action be taxed to Defendant;

h.  That all issues triable by jury be so tried;

i.  For such other and further relief as to which the court may deem just
    and equitable in the premises.

Respectfully submitted this 15th day of October 2021.

*/s/ John W. Roper*___
John W. Roper
Georgia Bar No: 614159

The Roper Law Firm
233 12th Street, Suite 602
Columbus, Georgia 31901
Tel.  (706) 596-5353
Fax: (706) 780-1014
johnroper@roperlaw.com